CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

FEB 0 5 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br><br> HAROLD FRANKLIN CASSEL, <br> Defendant | Civil Action No. 7:06-cr-00098-04 <br><br> **MEMORANDUM OPINION AND ORDER** <br><br><br> By: Hon. James C. Turk <br> Senior United States District Court Judge |

**MEMORANDUM OPINION AND ORDER**

The Defendant, Harold Franklin Cassel, has moved in the above captioned matter for a change of venue. Having considered the Defendant's motion, briefs, and supporting documents together with the arguments of both parties, the court concludes that the publicity surrounding the Defendant's case is not "so inherently prejudicial that trial proceedings must be presumed to be tainted." United States v. Bakker, 925 F.2d 728, 732 (4th Cir. 1991). The Court of Appeals for the Fourth Circuit has explained that such prejudice may be presumed only "in extreme circumstances . . . ." Id. Although there has been a significant amount of media coverage in this case, "[s]heer volume of publicity alone does not deny a defendant a fair trial." The Defendant has presented examples of headlines of questionable accuracy, most of which are available on the internet. Because the internet is available in every judicial district of which this court is aware, however, the risk that prospective jurors will encounter these stories cannot be cured by a change of venue. See id. at 733 ("Before a court may presume prejudice, it must determine whether a

1

jury substantially less subject to the publicity can be impanelled in another location.").[1]

The publicity surrounding this case has not created the extreme circumstances that warrant a presumption of prejudice. A change of venue is therefore inappropriate at this time. As the Court of Appeals for the Fourth Circuit instructs in Baker, at the appropriate time the parties or the court may conduct a voir dire "of prospective jurors to determine if actual prejudice exists." The court will reconsider the need for a change of venue if "voir dire reveals that an impartial jury cannot be impanelled . . . ." Id. at 732.

For the foregoing reasons the Defendant's motion for a change of venue is hereby **DENIED**.

The Clerk is directed to send certified copies of this Memorandum Opinion and Order to all parties of record.

ENTER: This 5th day of February, 2006.

James C. Turk
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Defendant argues that the extensive non-internet media coverage in the Roanoke area encourages prospective jurors to search for stories concerning the defendant on the internet. This may be true, but if members of the print and broadcast media have the interest in this case that the Defendant suggests, they will report any change of venue; prospective jurors in the new forum will then have a similar incentive to seek out these stories.

2